UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
YESSUH SUHYES HUSSEY,

Plaintiff,

            -against-

THE NEW YORK POLICE DEPARTMENTS
& PRECINCTS IN BROOKLYN, NY,

Defendant.
------------------------------------------------------------x

**MEMORANDUM & ORDER**
23-CV-532 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

Plaintiff Yessuh Suhyes Hussey, currently being held at the Anna M. Kross Center on Rikers Island, brings this *pro se* action pursuant to 42 U.S.C. § 1983.[1] Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, the complaint is dismissed, and Plaintiff is granted 30 days' leave from the date of this Memorandum & Order to submit an Amended Complaint.

## BACKGROUND

Plaintiff brings this action against the New York City Police Department ("NYPD") and police precincts in Brooklyn, New York, alleging that he has "experienced a lot of police brutality physical and sexual harassment from police officers and life threatening incidents," as well as "several cases of unlawful arrest by police officers." (Dkt. 1 ("Compl."), at 4.) Plaintiff further states that these "incidents have also led to wrongful hospitalizations due to the police department trying to justify a wrongful arrest." (*Id.*) Plaintiff seeks money damages. (*Id.* at 5.)

---

[1] Plaintiff filed eight complaints on the same day.

1

**STANDARD OF REVIEW**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Similarly, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A.

**DISCUSSION**

I.      **Rule 8**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Plaintiff must provide a short, plain statement of his claim against each defendant named so that they have adequate notice of the claims against them. *Iqbal*, 556 U.S. 678 (Rule 8 "demands more than an unadorned, the-

2

defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). To satisfy this standard, the complaint must at a minimum "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted); *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019).

## II.   Section 1983

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under § 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

## III.   Plaintiffs' Claims Must be Dismissed

### A.  NYPD and Its Precincts are Not Suable Entities

The New York City Charter provides that "all actions and proceedings for the recovery of penalties for violation of any law shall be brought in the name of the City of New York and not

that of any agency except where otherwise provided by law." N.Y. City Charter Ch. 17, § 396. The NYPD is an organizational subdivision of the City of New York and as such is not a suable entity. *See, e.g., Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Antonetti v. City of New York*, No. 20-CV-5109, 2022 WL 1105172 (BMC) (JRC), at *2 (E.D.N.Y. Apr. 13, 2022); *Salaam v. City of New York*, No. 21-CV-3172, 2021 WL 3472660 (EK) (LB), at *1 (E.D.N.Y. Aug. 6, 2021); *Wingate v. City of New York*, No. 08 CV. 217, 2008 WL 203313 (ARR), at *2 (E.D.N.Y. Jan. 23, 2008) (police precinct is not a suable entity). Therefore, all claims against the New York City Police Department and precincts are dismissed.

### B. The Complaint Does Not Comply With Rule 8(a)

The Complaint filed in this case does not comply with the requirement of Rule 8 that it provide a short, plain statement of Plaintiff's claims against any against each named defendant, so as to provide adequate notice of the claims against them. *Iqbal*, 556 U.S. 678. Simply stating that Plaintiff has "experienced a lot of police brutality physical and sexual harassment from police officers and life threatening incidents," as well as "several cases of unlawful arrest by police officers" (Compl. at 4), without any details, is not enough. Plaintiff's claims, therefore, even if alleged against the suable entity would have to be dismissed.

### LEAVE TO AMEND

In light of this Court's duty to liberally construe *pro se* complaints, the Court will allow Plaintiff thirty (30) days to file an Amended Complaint that complies with Rule 8(a) of the Federal Rules of Civil Procedure. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). Should Plaintiff elect to file an amended complaint, he must set forth the legal basis and factual allegations in a clear and concise manner in order to support his claim against each defendant he names, and he must state the relief that he is seeking with respect thereto.

4

Plaintiff must name as the defendants in the caption and in the "Statement of Claim" those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff seeks to bring a false arrest claim, he must state the date and location of his arrest and name the arresting officer(s) as a defendant. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint. For each defendant named, Plaintiff should include a brief description of what each defendant did or failed to do, the date, including the year, that the incident occurred, where the defendant is employed, and how the defendant's acts or omissions caused Plaintiff injury. Claims related to alleged events that occurred in New York County should be filed in the United States District Court for the Southern District of New York, and not in this court.

Plaintiff is advised that any Amended Complaint he elects to file will completely replace, not supplement, the original complaint. The amended complaint must be captioned as an "Amended Complaint," and bear the same docket number as this Order: 23-CV-532 (PKC).

## CONCLUSION

Accordingly, the complaint is dismissed for failure to state a claim. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. Plaintiff is granted thirty (30) days' leave from the date of this Memorandum and Order to file an Amended Complaint as detailed above.

Any amended complaint that Plaintiff elects to file will be reviewed for sufficiency. No summons shall issue at this time and all further proceedings shall be stayed for 30 days. If Plaintiff fails to amend the complaint within 30 days as directed by this Order, or cure the deficiencies discussed herein, judgment shall be entered.

The Clerk of Court is directed to mail a copy of this Memorandum & Order to Plaintiff, along with a prisoner § 1983 form complaint. The Court certifies pursuant to 28 U.S.C. §

1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status

is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated:  March 13, 2023
   Brooklyn, New York