UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
YESSUH SUHYES HUSSEY,

                Plaintiff,                                      **MEMORANDUM & ORDER**

        -against-                                  23-CV-532 (PKC) (LB)

THE NEW YORK POLICE DEPARTMENTS
& PRECINCTS IN BROOKLYN, NY,

                Defendant.
----------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

Plaintiff Yessuh Suhyes Hussey, a serial filer, brings this *pro se* action pursuant to 42 U.S.C. § 1983.[1] The Court vacates its March 13, 2023 Memorandum and Order dismissing the Complaint and granting Plaintiff leave to file an amended complaint in this matter.[2] (Dkt. 6.) For the reasons stated below, the Complaint is dismissed.

### BACKGROUND

Plaintiff brings this action against the New York City Police Department ("NYPD") and police precincts in Brooklyn, New York, alleging that he has "experienced a lot of police brutality physical and sexual harassment from police officers and life threatening incidents," as well as "several cases of unlawful arrest by police officers." (Compl., Dkt. 1, at 4.) Plaintiff further states that these "incidents have also led to wrongful hospitalizations due to the police department trying to justify a wrongful arrest." *Id*. Plaintiff seeks money damages. (*Id*. at 5.)

---

[1] At the time of filing, Plaintiff was being held at the Anna M. Kross Center on Rikers Island, but was released from custody on March 2, 2023. See https://a073-ils-web.nyc.gov/inmatelookup/pages/home/home.jsf (last visited April 11, 2023).

[2] Plaintiff has not filed an amended complaint and it does not appear that Plaintiff ever received a copy of this Order, as he had been released from custody when it was issued and mailed. The Court did not have any other address on record for Plaintiff at the time.

## DISCUSSION

Plaintiff has filed at least 60 cases in recent months, including over 50 cases since this case was filed and 43 cases on the same day. The Court has reviewed this complaint anew, as well as the relevant legal standards. The claims filed in this action have been alleged by Plaintiff in many of his other actions and this complaint does not raise any new allegations. Therefore, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## DENIAL OF LEAVE TO AMEND

The Second Circuit has held that leave to replead should be liberally granted to *pro se* litigants. *See Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) ("[A] pro se complaint generally should not be dismissed without granting the plaintiff leave to amend at least once. . . ."); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). "[B]ut amendment should be denied where the complaint gives no 'indication that a valid claim might be stated.'" *McKie v. Kornegay*, No. 21-CV-1943, 2022 WL 4241355, at *3 (2d Cir. Sept. 15, 2022) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Here, the Court concludes that granting leave to amend would be futile and declines to do so.

## FILING INJUNCTION WARNING

The federal courts have limited resources. Frequent frivolous filings work to diminish the ability of the courts to manage their dockets for the efficient administration of justice. "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and citations omitted). As previously noted, Plaintiff has filed at least 60 complaints in recent months, including 43 complaints on the same day.

Plaintiff is therefore warned that the future filing of vexatious and frivolous litigation may result in sanctions, including the imposition of an injunction prohibiting him from making future filings seeking *in forma pauperis* status without leave of the Court. *See In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) ("With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints.").

## CONCLUSION

Accordingly, the Court's March 13, 2023 Memorandum and Order dismissing the Complaint and granting Plaintiff leave to file an Amended Complaint in this matter is VACATED, and the complaint is dismissed. 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court is respectfully directed to enter judgment and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: May 15, 2023
　　　　Brooklyn, New York

3